## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Howard O. Robertson, Jr.

v.

Travelers Indemnity Co.

June 1, 1973

Case No. 5293

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the judgment order entered today in favor of the plaintiff.

The court has concluded that under the applicable provisions of this "all risks" policy of marine insurance, once the insured has established the fact of a loss under the policy, the burden is then upon the insurer to prove that the loss arose from a cause which is excepted from the coverage provided. 13 Couch on Insurance 2d, sects. 48:138, 48:139, 48:140, pp. 596 and 597; 44 Am. Jur. 2d *Insurance*, § 1974, p. 919, ftn. 18; Anno. 31 A.L.R. 1378; Anno. 88 A.L.R. 2d 1124. *See also Glens Falls Insurance Company* v. *Long*, 195 Va. 117 (1953).

The plaintiff has proved by the evidence the seaworthiness of this vessel the last time it was seen afloat which was a short period of time before she was found resting on the bottom. Moreover, he has proved that the mechanical condition of the vessel including the boot in question, externally and internally, was sound at that time. It thereupon was incumbent upon the defendant insurer to go forward and show that the loss resulted from a cause stated in the exclusion relied upon. This the defendant has failed to do.

In a portion of its argument, the defendant attempts to distinguish this case from those supporting the use

of the presumption. It urges that here the "cause of the entry of water to the hull has been determined," whereas the cause of the sinking was undetermined in the cases allowing the presumption. While it is true that the evidence forces a conclusion that the water entered the hull through the breaks in the boot, the important consideration, which is not sufficiently resolved by the defendant's evidence, is the cause of the breaks in the boot. Such breaks were the efficient, direct and proximate cause of the loss. Under these circumstances and the applicable law, the plaintiff is entitled to the benefit of the presumption.

For these reasons, judgment is entered in favor of the plaintiff in the amount of $2,023.21. The plaintiff has not borne the burden of proving the remaining damages claimed.